UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD,                              )
1669 Benedict Canyon Drive                  )
Beverly Hills, CA  90210,                   ) Judge _____
                                            ) Civil Action No. _____
        PLAINTIFF                           )
    vs.                                     )
                                            )
DEPARTMENT OF COMMERCE,                     )
1401 Constitution Ave., NW                  )
Washington, DC 20230,                       )
                                            )
        DEFENDANT                           )

## **COMPLAINT**

### THE PARTIES

1. Plaintiff Jason Leopold is a citizen of California.

2. Plaintiff is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3. Defendant Department of Commerce ("DOC") is an agency of the United States within the meaning of 5 USC § 552(f).

4. The Office of Antiboycott Compliance ("OAC") is an office within the Bureau of Industry and Security, a component of Defendant Department of Commerce.

5. The OAC has possession, custody and control of the records Plaintiff seeks.

1

## JURISDICTION AND VENUE

6. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B). Jurisdiction also lies with this Court under 28 USC § 1331.

8. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

9. During the mid-1970's the United States adopted two laws that seek to counteract the participation of U.S. citizens in other nation's economic boycotts or embargoes. These "antiboycott" laws are the 1977 amendments to the Export Administration Act (EAA) and the Ribicoff Amendment to the 1976 Tax Reform Act (TRA).

10. The OAC is charged with administering and enforcing the Antiboycott Laws under the Export Administration Act. Those laws discourage, and in some circumstances, prohibit U.S. companies from furthering or supporting the boycott of Israel sponsored by the Arab League, and certain other countries, including complying with certain requests for information designed to verify compliance with the boycott.

### PLAINTIFF'S FOIA REQUESTS

11. On February 20, 2015, Plaintiff submitted a FOIA to the OAC via email seeking records responsive to 31 categories of documents. Plaintiff's FOIA request sought a waiver of fees or, in the alternative, that he be considered a member of the media for fee purposes. A copy of this FOIA request is attached as Exhibit A and incorporated herein by reference.

12. In an email dated March 12, 2015, OAC acknowledged receipt of Plaintiff's February 20, 2015 FOIA request and assigned it tracking number BIS 15-042. The email further

stated that OAC would not process the request as written because "some record descriptions are too board and some record descriptions are too vague and general for us to search our files. In order to respond to your request for the various types of Office of Antiboycott Compliance (OAC) records, we would need to have an inclusive search time-frame (start and end dates) as well as a description for each 31 types of records you are seeking. Some of the records you are seeking do not belong to OAC." A copy of this email response is attached as Exhibit B and incorporated herein by reference.

13. On April 27, 2015, Plaintiff submitted a second FOIA to the OAC via email seeking records responsive to 21 categories of documents. Plaintiff's FOIA request sought a waiver of fees or, in the alternative, that he be considered a member of the media for fee purposes. A copy of this FOIA request is attached as Exhibit C and incorporated herein by reference.

14. In an email dated June 1, 2015 (which was, coincindentally, the evening before Plaintiff was slated to testify before Congress about problems he's experienced with FOIA), OAC acknowledged receipt of Plaintiff's April 27, 2015 FOIA request and assigned it tracking number BIS 15-074. A copy of this email response is attached as Exhibit D and incorporated herein by reference.

15. As of the filing of this Complaint, Plaintiff has not received a response with a final determination as to whether the OAC will comply with his request BIS 15-074.

## COUNT I:
## VIOLATION OF FOIA

16. This Count realleges and incorporates by reference all of the preceding paragraphs.

17. OAC has violated FOIA as to request BIS 15-042 by failing to process a valid FOIA request.

18. OAC has further violated FOIA as to request BIS 15-042 by failing to grant, or even rule on, Plaintiff's request for a waiver of fees or, in the alternative, media fee status. Plaintiff is entitled to a waiver of fees, or in the alternative, to be treated as a member of the media for fee purposes.

19. OAC has violated FOIA by failing to make available without a request those documents its possesses that are subject to the provisions of 5 U.S.C. § 552 (a)(1) and (2).

20. OAC has violated FOIA as to request BIS 15-074 by failing to make a final determination as to whether to withhold or release the requested records within twenty business days.

21. OAC has further violated FOIA as to request BIS 15-074 by failing to grant, or even rule on, Plaintiff's request for a waiver of fees or, in the alternative, media fee status. Plaintiff is entitled to a waiver of fees, or in the alternative, to be treated as a member of the media for fee purposes.

22. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to search for and process the requested records without further delay and without payment of search, review, and duplication fees;

(3) Order OAC to post to its website those documents listed in 5 U.S.C. § 552 (a)(1) and (2);

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

                                        Respectfully Submitted,

                                        __/s/ Jeffrey Light_____

                                        Jeffrey L. Light
                                        D.C. Bar #485360
                                        1712 Eye St., NW
                                        Suite 915
                                        Washington, DC 20006
                                        (202)277-6213
                                        Jeffrey@LawOfficeOfJeffreyLight.com

                                        *Counsel for Plaintiff*