# EXHIBIT C

From: Jason Leopold <jason.leopold@vice.com>
Date: 27 April 2015 at 13:25
Subject: NEW request for records under the Freedom of Information Act
To: Jennifer Kuo <Jennifer.Kuo@bis.doc.gov>, efoiarequest@bis.doc.gov


PLEASE NOTE: This is a NEW request for records under the Freedom of Information Act.

Freedom of Information Officer
Bureau of Industry and Security, Room 6622
U.S. Department of Commerce
Washington, DC 20230

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.

REQUESTER INFORMATION
Name: Jason Leopold/Investigative Reporter VICE NEWS
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com

RECORDS SOUGHT
I request disclosure from the Office of Antiboycott Compliance (OAC) the following records:

1. All emails and other correspondence TO or FROM Kevin J. Wolf, Matthew S. Borman, Richard Majauskas, John Masterson, Kathryn Chantry, David W. Mills, Daniel O. Hill, or Eric L. Hirschhorn regarding Antiboycott Compliance from January 1, 2012 on
2. All completed forms that have been submitted to OAC: BIS-621P, BIS-6051P, and BIS-6051P-a (or their equivalent) from January 1, 2010 on
3. All FOIA requests that have been sent to OAC and all responsive materials provided to the requesters from January 1, 2010 on. This request is intended to include all documents that purport to be FOIA requests and documents the office has construed as FOIA requests, as well as all responses thereto including any documents OAC has released to requesters.
4. All documents mentioning or referring to my previous FOIA request BIS-15-042, including but not limited to processing notes and emails TO or FROM Jennifer Kuo, from February 20, 2015 on
5. For the period from January 1, 2010 on, any and all records contained in Antiboycott Subject Files, including but not limited to the following subject headings: Administrative Procedures, Pre-Charging Settlements, Pleadings and Memoranda of Law, quarterly report of boycott

statistics, Foreign Corrupt Practices Act, European Reaction to Boycott, Disclosure of Information, Export Disincentives, Enforcement, Reporting Requirements and Status Reports

6. Any and all correspondence, memoranda, reports, studies, and other records, generated or collected by the Director of OAC and his staff which describe the policies, procedures, functions, and accomplishments of the office.

7. Any and all final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases; those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; administrative staff manuals and instructions to staff that affect a member of the public; copies of all records, regardless of form or format, which have been released to any person under FOIA and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records, and a general index of these records

8. Any and all blank forms whether used internally or for the public

9. The current copy of the Antiboycott Compliance Officer's Manual and all previous copies of the manual that were used or created for the period January 1, 2001 on.

10. All Antiboycott Investigative Case Files for the period January 1, 2001 on. This request includes, but is not limited to, correspondence, notes, investigation reports, exhibits, charging letters, warning letters, orders, consent agreements, abstracts of correspondence, drafts of documents, press releases, and related documentation.

11. Any and all Settlement Files for the period January 1, 2001. This request includes, but is not limited to, copies of orders, consent agreements, proposed charging letters and press releases.

12. For the period from January 1, 2010 on, any and all Division Director's Subject Correspondence Files, including but not limited to correspondence, memoranda, reports, and work papers.

13. For the period from January 1, 2010, any and all Antiboycott Country Files, including but not limited to State and Commerce Department cables, news clippings, printed material, and the like. This request includes but is not limited to the following subsidiary subject titles: American Jewish Congress, Boycott, Business Practices, blacklisted forms, Oil, Political, and Domestic.

14. For the period from January 1, 2001, any and all Export Expansion STAR Awards Company Files, including but not limited to findings sent to the E Awards Unit.

15. For the period from January 1, 2010, any and all Compliance Policy Division Working Files.

16. For the period from January 1, 2010, any and all inquiries submitted through the compliance inquiry form on the Office's website

17. All emails and other correspondence TO or FROM employees of AIPAC and/or email addresses ending in @aipac.org, from January 1, 2012 on

18. The following is a list of companies that have been or currently are targets of boycotts. For the period from January 1, 2010 on, I request any all records mentioning or referring to any of these companies: SodaStream, Eden Springs, Keter, Strauss Group, Sabra, Danone, Tivall, Tnuva, Prigat, Jafora, Osem, Ahava, Golan Heights Wineries, Nestlé, Coca-Cola, Starbucks, McDonald's, Israeli Fresh Produce, Disney, Sara Lee, and Nokia

19. The following is a list of organizations that have been or currently are advocating the boycott of Israeli products and services. For the period from January 1, 2010 on, I request any and all records mentioning or referring to: Innovative Minds (or the website [www.inminds.com](www.inminds.com)), the Islamic Human Rights Commission (or the website [www.IHRC.org](www.IHRC.org)), the Israeli Barcode Association, 729-EAN Israel, Jewish Voice for Peace, Boycott Israel Today (or the website [BoycottIsraelToday.wordpress.com](BoycottIsraelToday.wordpress.com)), and Palestinian BDS National Committee (BNC) (or the website [www.bdsmovement.net](www.bdsmovement.net)).

20. The Boycott, Divestment, and Sanctions (BDS) movement against Israel has been active on college campuses. I request: for the period from January 1, 2010 on, any and all records mentioning or referring to the organization Students for Justice in Palestine (SJP) or the National SJP (NSJP) Conference; any and all correspondence between OAC and any colleges or universities; any and all reports to OAC by colleges or universities of boycott activity on their campuses; any and all emails or other correspondence mentioning or referring to colleges or universities.

21. In February 2015, the "U.S.-Israel Trade and Commercial Enhancement Act" (H.R. 825) was introduced to Congress by Peter Roskam and Juan Vargas. The bill is designed to "leverage ongoing trade negotiations to discourage prospective U.S. trade partners from engaging in economic discrimination against Israel" through the monitoring of pro-BDS activities of foreign companies that trade on American stock exchanges and by prohibiting American courts from "enforcing rulings made by foreign courts against American companies solely for conducting business in Israel."

In March 2015, the "United States-Israel Trade Enhancement Act of 2015" (S.619) was introduced to the Senate by Benjamin Cardin. The bill is designed to "discourage compliance with the boycott of Israel by the Arab League." Language similar to that in S.619 was inserted into the "Fast Track" legislation pending in the Senate in April 2015.

Another bill introduced in March 2015, the "Boycott Our Enemies, Not Israel Act," would require that contractors with whom the U.S. government does business certify that they do not boycott Israel.

I request, for the period from January 1, 2015 on, any and all records mentioning or referring to the "U.S.-Israel Trade and Commercial Enhancement Act" and/or the "United States-Israel Trade Enhancement Act of 2015" (S.619) and/or the "Boycott Our Enemies, Not Israel Act" and/or the boycott-related amendment the so-called "Fast Track" legislation (whether by name, acronym, short title, or bill number).

I further request, for the period January 1, 2015 on, any and all correspondence between OAC and Congress, its committees, staff, or members (including but not limited to Peter Roskam, Juan Vargas, and Benjamin Cardin).

All parts of this FOIA request are intended to include not only records in the physical possession of the OAC, but also OAC records that are physically located at the Washington National Records Center (WNRC), the National Archives and Records Administration (NARA) or elsewhere.

INSTRUCTIONS REGARDING SEARCH

1. Instructions Regarding "Leads":
As required by the relevant case law, OAC should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system. Failure to follow clear leads is a violation of FOIA.

2. Request for Public Records:
Please search for any records even if they are already publicly available.

3. Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4. Request for Search of Filing Systems, Indices, and Locations:
I request that the OAC search all of its offices and components which are likely to contain responsive records.

5. Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the OAC maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6. Request for Duplicate Pages:
I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.

7. Request to Search Emails:

Please search for emails relating to the subject matter of my request.

8. Request for Search of Records Transferred to Other Agencies:

I request that in conducting its search, the OAC disclose releasable records even if they are available publicly through other sources outside the OAC, such as NARA.

9. Regarding Destroyed Records

If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.


INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Please interpret the scope of this request broadly. The OAC is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

EXEMPTIONS AND SEGREGABILITY

I call your attention to President Obama's 21 January 2009 Memorandum concerning the Freedom of Information Act, in which he states:

All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA [....] The presumption of disclosure should be applied to all decisions involving FOIA.

In the same Memorandum, President Obama added that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

Finally, President Obama ordered that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nonetheless, if any responsive record or portion thereof is claimed to be exempt from production, FOIA/PA statutes provide that even if some of the requested material is properly exempt from mandatory disclosure, all segregable portions must be released. If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied.  Please provide a complete itemized inventory and a detailed factual justification of total or partial denial of documents.  Specify the number of pages in each document and the total number of pages pertaining to this request.  For "classified" material denied, please include the following information: the classification (confidential, secret or top secret); identity of the classifier; date or event for automatic declassification or classification review or downgrading; if applicable, identity of official authorizing extension of automatic declassification or review past six years; and, if applicable, the reason for extended

classification beyond six years.

In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by FOIA, that the remaining non-exempt portions of documents will be released.

Please release all pages regardless of the extent of excising, even if all that remains are the stationery headings or administrative markings.

In addition, I ask that your agency exercise its discretion to release records which may be technically exempt, but where withholding serves no important public interest.

ADDITIONAL INSTRUCTIONS REGARDING REQUEST

Please produce all records with administrative markings and pagination included.

Please send a memo (copy to me) to the appropriate units in your office to assure that no records related to this request are destroyed. Please advise of any destruction of records and include the date of and authority for such destruction.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am an investigative reporter with VICE News. I covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. My reporting has been published in the The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

I am willing to pay any reasonable expenses associated with this request, however, as the purpose of the requested disclosure is in full conformity with the statutory requirements for a waiver of fees, I formally request such a waiver. I request a waiver of all costs pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. See Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). I incorporate by reference the explanation and attached materials in the above sections which demonstrates why the requested information is in the public interest.

DoD 5400.7-R C6.1.4.1 provides that "documents shall be furnished without charge, or at a charge reduced below fees assessed to the categories of requesters in subsection C6.1.5.,

below, when the Component determines that waiver or reduction of the fees is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the Department of Defense and is not primarily in the commercial interest of the requester."

Should my request for a fee waiver be denied, I request that I be categorized as a member of the news media for fee purposes pursuant to DoD 5400.7-R C6.1.5.7.  According to 5 U.S.C. § 552(a)(4)(A)(ii), which codified the ruling of Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381 (D.C. Cir. 1989), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.  This is consistent with the definition provided in  DoD 5400.7-R C6.1.5.7.1.

As the legislative history of FOIA reveals, "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected.  . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'"  132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); and 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)).  Therefore, in accordance with the Freedom of Information Act and relevant case law, I, Jason Leopold, should be considered a representative of the news media.

I have the intent and ability to disseminate this significant expansion of public understanding of government operations. The public interest in this significant expansion of public understanding of government operations far outweighs any commercial interest of my own in the requested release. Accordingly, my fee waiver request amply satisfies the rules of DoD 5400.7-R C6.1.4.1.  Legislative history and judicial authority emphatically support this determination. For these reasons, and based upon their extensive elaboration above, I request a full waiver of fees be granted. I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

\*\*\*

Please do not hesitate to contact me if you have any questions concerning this request. Thank you. I appreciate your time and attention to this matter.


--

JASON LEOPOLD
Investigative Reporter

VICE News

589 Venice Blvd.
Venice, CA 90291
c: 213.270.4334

o: [310 752 4337](tel:310%20752%204337) <tel:310%20752%204337>
t: @jasonleopold
PGP Key <http://bit.ly/1hpZzsd>

This e-mail transmission may be legally privileged and contains confidential information that is the property of the sender and the organization (VICE MEDIA INC.) for which the sender represents. If you are not the intended recipient and have by accident received this email, please do not retain, disclose, reproduce or distribute the contents of this e-mail transmission, or take any action in relevance thereon or pursuant thereto.  Please notify the sender of the error by responding to the email accordingly in a timely and reasonable fashion otherwise failure to do so may cause legal action to be taken.
Thank you.