UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, Bureau of Industry and<br>Security, Office of Antiboycott Compliance,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No: 15-cv-00817 KBJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, United States Department of Commerce, Bureau of Industry and Security, Office of Antiboycott Compliance ("Defendant" or "BIS" or "OAC") hereby answers the Complaint ("Complaint") filed by Plaintiff Jason Leopold ("Plaintiff") as follows:

### DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### SPECIFIC RESPONSES

Defendant responds to the numbered paragraphs of the Complaint as follows:

### THE PARTIES[1]

1.　Defendant is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 1, but, if a response is required, Defendant denies every allegation in the paragraph.

---

[1] Merely for reference, Defendant replicates the headings contained in the Complaint herein. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

2. Defendant is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 2, but, if a response is required, Defendant denies the remaining allegations in the paragraph.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 5, but, if a response is required, Defendant denies the remaining allegations in the paragraph.

## JURISDICTION AND VENUE

6. The allegations set forth in Paragraph 6 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in the paragraph.

7. The allegations set forth in Paragraph 7 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the remaining allegations in the paragraph.

8. The allegations set forth in Paragraph 8 regarding the legal authority for venue are conclusions of law to which no response is required.  To the extent a response is deemed required, denies the remaining allegations in the paragraph.

## STATEMENT OF FACTS

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. In response to Paragraph 11, Defendant admits that it received a request for records from the Plaintiff on February 20, 2015, and refers to that communication for its true and

complete contents, but denies that that request properly described the records sought, as required by the Freedom of Information Act ("FOIA") at 5 U.S.C. § 552(a)(3)(A).

12. In response to Paragraph 12, Defendant admits that it sent Plaintiff correspondence dated March 12, 2015, indicating that Defendant had received Plaintiff's FOIA request and refers to that correspondence for its true and complete contents.

13. In response to Paragraph 13, Defendant admits that Plaintiff submitted a request under the FOIA via email dated April 27, 2015, and refers to that communication for its true and complete contents.  However, Defendant denies that every element of that request is required to be produced under 5 U.S.C. § 552(a)(3).

14. In response to Paragraph 14, Defendant admits that it sent Plaintiff correspondence dated June 1, 2015, indicating that Defendant had received Plaintiff's FOIA request and refers to that correspondence for its true and complete contents.  Defendant is without sufficient knowledge and/or information to admit or deny the remaining allegations contained in Paragraph 14, and, therefore, denies the remaining allegations in the paragraph.

15. In response to Paragraph 15, Defendant admits that, as of the date of the Complaint, it has not released any records to Plaintiff and has not provided a response to Plaintiff's FOIA requests other than its communications of March 12, 2015, and June 1, 2015.

## COUNT I: VIOLATIONS OF FOIA

16. In response to Paragraph 16, Defendant incorporates by reference its responses to Paragraphs 1 through 15 set forth above.

17. The allegations set forth in Paragraph 17 are conclusions of law or characterizations of Plaintiff's claims to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

18. The allegations set forth in Paragraph 18 are conclusions of law or characterizations of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

19. The allegations set forth in Paragraph 19 are conclusions of law or characterizations of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

20. The allegations set forth in Paragraph 20 are conclusions of law or characterizations of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

21. The allegations set forth in Paragraph 21 are conclusions of law or characterizations of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

22. The allegations set forth in Paragraph 22 are conclusions of law or characterizations of Plaintiff's claims to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

## RELIEF REQUESTED

Paragraphs (1) through (5) contain Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Defendant denies the allegations set forth in Paragraphs (1) through (5) and specifically denies that Plaintiff is entitled to any relief whatsoever. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

WHEREFORE, having fully answered, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that this Court award Defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

VINCENT H. COHEN, JR., Bar # 471489
Acting United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:  /s/_____
BENTON G. PETERSON, BAR # 1029849
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2534